UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                              Criminal No. 18-cr-102-JD
                                      Opinion No. 2020 DNH 211

Damon Austin


O R D E R


Damon Austin moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to
have his sentence reduced to time served based on the combined
effects of his medical conditions and the risks presented by the
COVID-19 pandemic.[1]  The government objects to the motion.[2]  The
Office of Probation and Pretrial Services has filed a report.


Standard of Review

A defendant may file a motion in court for a reduced
sentence under § 3582(c)(1)(A) in certain circumstances.  The

_____

    [1] Although Austin requested a hearing on the motion, he did
not provide a statement to show why a hearing was necessary or
why oral argument would provide assistance to the court.  LR
7.1(d).  Therefore, not hearing was held.

    [2] In addition to objecting to reduction of Austin's sentence
under § 3582(c)(1)(A), the government objects to a
recommendation from the court to the Bureau of Prisons to allow
Austin to serve the maximum amount of his sentence in home
confinement under 18 U.S.C. § 3624(c)(2).  Austin, however, did
not ask for that recommendation.  For that reason, the court
will not consider that alternative form of relief.

defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or, thirty days must have passed since the warden at the defendant's facility received the defendant's request without a response.  Id.  If a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  § 3582(c)(1)(A).  The statute also directs consideration of whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A).

The applicable policy statement is United States Sentencing Guidelines § 1B1.13.  That guidance provides that a defendant's term of imprisonment may be reduced if extraordinary and compelling reasons warrant the reduction or the defendant meets the age and time-served requirements and the defendant is not "a danger to the safety of any other person or to the community" and the reduction is consistent with the policy statement.  See United States v. Jones, 2020 WL 6205783, at *2 (D. Mass. Oct. 22, 2020).  Application Note 1 to U.S.S.G. § 1B1.13 provides additional guidance as to when an extraordinary and compelling

reason to reduce a defendant's sentence may exist. Those reasons include medical conditions, age, family circumstances, and extraordinary and compelling reasons "other than, or in combination with, the reasons described." BOP Program Statement 5050.50 also provides guidance as to when post-sentencing developments, medical conditions, age, and family circumstances will support a motion for sentence reduction under § 3582(c)(1)(A). Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), www.bop.gov/policy/progstat/5050_050_EN.pdf.

## Background

In April of 2018, Austin was involved in an altercation in Rochester, New Hampshire, with Christopher Brown who identified Austin as his cocaine supplier.[3] Austin threatened Brown by putting a loaded gun in his face and then left in a vehicle driven by a woman, who was identified as Tanya Phillips. Austin threatened to return that night, and Brown feared he would come

---

[3] The facts underlying Austin's crimes of conviction are provided in his plea agreement. The court has also considered information provided for purposes of Austin's motion to suppress evidence obtained from the search of his apartment and the report provided by the probation officer.

3

back to shoot up his house. Brown also said that Austin had been staying at his house and that they had been using drugs together.

After the altercation was reported, the police stopped a vehicle that was registered to Phillips and fit the description that Brown provided. Phillips was driving the vehicle, and Austin was a passenger. Austin was arrested. The gun he used to threaten Brown was found in his possession at the time of his arrest. Phillips was also arrested. Their baby daughter and two dogs were in the vehicle, and officers arranged to have them taken by a relative.

Austin told officers during the booking process that he was a member of the Mattapan (Massachusetts) Avenue Crips gang. The officers also noted that Austin had gang-related tattoos.

The police obtained a search warrant for Austin's apartment. In the apartment, they found six other guns, ammunition, drug paraphernalia, bags of cocaine, crack cocaine, and marijuana. The officers also found cash, other drugs, and keys to holding cells and exterior doors of a Boston Police Department station.

Austin pleaded guilty to two counts of possession of a firearm by a prohibited person. He was sentenced to eighty-four months in prison and has served less than half of his sentence

4

to date.  He is currently incarcerated at USP Canaan in Pennsylvania.  He filed a request with the warden for release because of the COVID-19 pandemic, which was denied.

The government provides information about the BOP's efforts to control the spread of COVID-19 in its facilities.  Currently, the BOP reports that 107 inmates and 11 staff have confirmed active cases of COVID-19 at USP Canaan.[4]  https://www.bop.gov/coronavirus/ (last visited December 7, 2020).  Cases of COVID-19 are increasing rapidly around the country, including in New Hampshire and Massachusetts, where Austin proposes to live if he were released.  See https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last visited December 7, 2020).

Austin, who is thirty-eight years old, submitted his medical records in support of his motion, which were reviewed by Dr. J. Gavin Muir, Chief Medical Officer of Amoskeag Health in Manchester, New Hampshire.  The medical records show that Austin is a smoker, is morbidly obese, and has hypertension.  The government represents that based on his review, Dr. Muir found that Austin has several medical conditions that put him at increased risk if he were to contract COVID-19.

---

[4] Austin filed an addendum on December 6, 2020, to show the increasing number of COVID-19 cases at USP Canaan.

Austin has a lengthy and serious criminal history. He admitted gang affiliation during the booking process. When his mother was interviewed as part of the presentence investigation, she provided additional information that indicated Austin was involved in street gangs. He has three convictions for assault and battery with a dangerous weapon. In one incident, he shot a person who was standing in front of a gas station in Boston. In another incident, he punched and kicked a woman in the head during an argument over a spilled soda.

Austin has also been convicted of other assaults and crimes and has a history of arrests for domestic violence. While he was in custody at the Strafford County Jail he was involved in a fight with another inmate. He has not had any disciplinary reports while in BOP custody. He is participating in a mandatory drug education program and has completed education courses. He has also been assigned to a work detail.

If he were granted a reduction in his sentence and released from prison, Austin plans to live with his mother in Mattapan, Massachusetts. He intends to apply for a job and to continue his efforts at recovering from drug and alcohol addiction. His alternative plan is to live with Tanya Phillips, who was arrested with him and is the mother of his children, in Rochester, New Hampshire.

Discussion

Austin contends that he has met the exhaustion requirement and that he has an extraordinary and compelling reason for a reduction in his sentence because of the increased risk of death or serious illness if he were to contract COVID-19. He argues that he would be better able to address his health needs with the support of his mother if he were released. The government agrees that Austin has met the exhaustion requirement and has shown medical conditions that constitute, in combination with the risks associated with COVID-19, an extraordinary and compelling reason for a reduction in his sentence. The government opposes the reduction on the basis of the § 3553(a) sentencing factors.

A. Exhaustion and Extraordinary and Compelling Reason

Because there is no dispute that Austin has met the exhaustion requirement and has shown medical conditions that in combination with the risks of COVID-19 provide an extraordinary and compelling reason in support of his motion, those matters need not be addressed further.

B.  Sentencing Factors

Section 3553(a) states that the "court shall impose a
sentence sufficient, but not greater than necessary, to comply
with the purposes" provided in § 3553(a)(2), and lists factors
for determining an appropriate sentence.  The first two factors
are particularly pertinent for purposes of a motion for
reduction of a defendant's sentence.[5]  The first factor directs
the sentencing court to consider "the nature and circumstances
of the offense and the history and characteristics of the
defendant."  § 3553(a)(1).  The second factor focuses on the
purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the
> defendant; and
> (D) to provide the defendant with needed educational
> or vocational training, medical care, or other
> correctional treatment in the most effective manner.

§ 3553(a)(2).

---

[5] The third factor directs consideration of "the kinds of
sentences available;" the fourth and fifth factors focus on the
Sentencing Guidelines; the sixth factor addresses "the need to
avoid unwarranted sentence disparities;" and the seventh factor
directs courts to consider the defendant's restitution
obligations.

The court considered the § 3553(a) factors when Austin was sentenced to 84 months in prison, which was an appropriate sentence for his serious crimes and in light of his significant criminal history. The government contends that Austin's motion should be denied because he is a danger to the community and the sentencing factors under § 3553(a) do not support a reduction.

Austin's crime of conviction, possession of a firearm by a prohibited person, is particularly serious when taken in the context of his actions. He not only possessed the gun, he pointed the loaded gun in the face of the person he was threatening. A search of his apartment resulted in finding more guns and ammunition, along with evidence of drug trafficking. Austin's prior crimes involve a great deal of violence. He also is an admitted gang member. The court considers Austin to be a high risk for recidivism.

Austin has not yet served even half of his sentence. His sentence is necessary because of the seriousness of his crimes, as a just punishment, and to protect the public. The court acknowledges that cases of COVID-19 are increasing in the prison environment, which presents risks to Austin, but also notes the increase in the number of cases across the county, including in the states where Austin proposes to live. In this case, the

risk posed by the COVID-19 pandemic does not outweigh the serious concerns raised by the sentencing factors.

## Conclusion

For the foregoing reasons, the defendant's motion for reduction of his sentence (document no. 59) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

December 7, 2020

cc: Counsel of record.

10